RALPH DePASQUALE, Plaintiff, *v.* WESTCHESTER NEWSPAPERS, INC., Defendant.

Supreme Court, Westchester County, November 30, 1938.

*Arthur J. Blank,* for the plaintiff.

*Gerlach, Reeback & Fuller,* for the defendant.

PATTERSON, J. This is a libel action. The motion is to dismiss the complaint on the ground it does not state a cause of action. Plaintiff pleads that he is a physician and he was libelled in his profession by the following publication. " Supervisor Harold W. Davis reported that when Dr. Ralph DePasquale had declined to lower his bill of $25 for treating a welfare case late at night he had acquainted the Mayors of the three villages that other doctors might be obtained for lesser fees." No special damages are pleaded.

To support the complaint, it must definitely appear that the construction for which plaintiff contends is the only possible one for he is pleading no innuendo. Of course, where a defamatory meaning is not apparent, innuendo is necessary. Concededly, the complaint must fall if the publication is not libelous *per se.* Any written or printed words which disparage a man in his profession, office or trade are libelous *per se.* To be actionable, the words must impute to the plaintiff some quality which would be detrimental or the absence of some quality which is essential to the practicing of his profession or his standard in the profession.

If the words do not involve any reflection upon the character or professional standing of the plaintiff, it will not necessarily give ground for an action in libel. Of course, if special damages are alleged and proven, the plaintiff may recover in an action on the case.

Do the words spoken of the plaintiff, and they must be presumed for this purpose to be untrue, necessarily or inevitably injure him in his profession? They charge him with no misconduct, with no dishonesty, with no extortion, with no unprofessional conduct. They simply say that the plaintiff declined to lower his bill for professional services and that the supervisor acquainted the mayors of certain villages that other doctors might be obtained for less money. Wherein is the libel; wherein did it necessarily imply unprofessional conduct on the part of the plaintiff, much less unfair, unjust or dishonest dealings? They certainly do not disparage his personal reputation and I think it is equally true that they do not disparage or prejudice him in his profession. There are no words that attacked either by direction or indirection his professional ability or indeed, his professional ethics. There is nothing in the article from which a casual reader could gather that the services rendered by the plaintiff were not worth the amount charged by him. Members of a profession have varying standards of charges according to their standard, experience and the character of their patients or clientele. As a general proposition, to damage a person's reputation, the words spoken must impute a general misconduct. That is certainly not present in the instant case.

The plaintiff argues that because the fee exacted or charged pertained to a welfare case, he was thereby libelously condemned as lacking in a sense of justice and willingness to assist the poor in their medical needs. The withholding of charitable or gratuitous services is hardly the basis for libel. Evidently the bill rendered was against the town and not against the party procuring relief.

I think the motion to dismiss the complaint must be granted and it is so ordered.